

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Harlon Martin
County Attorney
Nacogdoches County
Nacogdoches, Texas

Dear Sir:

Opinion No. O-6325
Re: 1. Validity of a judgment
predicated upon a plea
of guilty entered dur-
ing vacation.

2. May an officer lawfully
endowed with authority
to make arrests waive
the assessment of the
arresting fee in the fix-
ing of costs to be paid
by the defendant upon
his being found guilty?

Your letter of recent date requesting an opinion
from this department on the above captioned subjects, has been
referred to the writer for attention and reply. Your ques-
tions read as follows:

Question No. 1:

"Pleas of guilty are accepted in criminal
cases during vacation of the County Court. There-
fore, I should like to have an advisory opinion or
statement from your department as to the validity
of a judgment predicated upon a plea of guilty en-
tered during vacation."

Question No. 2:

"Can a sheriff, constable, Department of Pub-
lic Safety officer, Texas Liquor Control Board In-
spector, or any other officer lawfully endowed with
authority to make arrests waive the assessment of

Honorable Harlon Martin, page 2

the arresting fee in the fixing of costs to be
paid by the defendant upon his being found guilty?"

In reply to your first question, we are enclosing
this department's opinion No. 0-3090, which we believe an-
swers this question in the negative.

In reply to your second question, we quote from this
department's opinion No. 0-768, wherein we held that a State
Highway Patrolman is entitled to no arresting fee:

"You are respectfully advised that this De-
partment has repeatedly ruled that a constable or
other peace officer is not entitled to charge,
collect, or accept fees unless he actually per-
formed the services set out in the statute. If
the constable does not make the arrest, nor the
commitment nor the release, he certainly could not
charge, collect, or accept a fee for doing so. A
state highway patrolman receives a salary from the
state of Texas for his services, and there is no
statutory authority in this state whereby a state
highway patrolman may charge, collect or accept a
fee from a defendant. The salary a state highway
patrolman receives from the State of Texas is the
only compensation to which he is entitled to re-
ceive for performing his duties in arresting the
defendant charged with misdemeanor.

"You are therefore, respectfully advised that
if a state highway patrolman arrests a defendant in
a misdemeanor case and brings the defendant before
the justice of the peace and the defendant pleads
guilty and is assessed a fine, the justice of the
peace should not tax an arrest fee against the de-
fendant.

"For example, if a state highway patrolman
arrests a defendant for violation of a misdemeanor
statute and brings the defendant before the justice
of the peace as outlined by law, and the defendant
enters his plea of guilty before the justice of the
peace and is assessed a fine of one dollar and
costs, then this is the following amount which the
defendant should be required to pay in discharge
of his fine and costs, to-wit:

Honorable Harlon Martin, page 3


"One dollar fine; five dollars fee for the
county attorney; four dollars, trial fee - making
a total of ten dollars."

Texas Liquor Control Board Inspectors receive a sal-
ary from the State and are likewise entitled to no arresting
fee.

In regard to sheriffs and constables, your attention
is directed to the following statutory provisions. Article
102, Vernon's Annotated Penal Code provides:

"Any county officer or any district attorney
to whom fees or costs are allowed by law who shall
fail to charge up the fees or costs that may be
due under existing laws, or who shall remit any fee
that may be due under the laws, or who shall fail
to make the report required by law, or who shall
pay his deputy, clerk or assistant a less sum than
specified in his sworn statement, or receive back
as a rebate any part of the compensation allowed
such deputy, clerk or assistant, shall be fined not
less than twenty-five nor more than five hundred
dollars. Each act forbidden by this article is a
separate offense."

The Legislature, by Acts 1939, Special Laws, page
608, Section 1, provided for salaries for county officers in
counties containing a population of twenty thousand (20,000)
inhabitants or more and provided for an Officers' Salary Fund.
This Act appears as Article 3912e, Vernon's Annotated Civil
Statutes. Section 5 provides:

"It shall be the duty of all officers to charge
and collect in the manner authorized by law all
fees and commissions which are permitted by law to
be assessed and collected for all official service
performed by them. As and when such fees are col-
lected they shall be deposited in the Officers'
Salary Fund, or funds provided in this Act. In
event the Commissioners' Court finds that the fail-
ure to collect any fee or commission was due to
neglect on the part of the officer charged with
the responsibility of collecting same, the amount
of such fee or commission shall be deducted from

Honorable Harlon Martin, page 4

the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least ten days subsequent to the date of notice. Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer."

You are accordingly advised that prior to the passage of Article 3912e, the arresting officer was entitled to collect and retain his fee and failure so to do was made a penal offense. Subsequent to the enactment of Article 3912e, the arresting officer receives a salary in lieu of all fees, commissions or compensation to which he would otherwise be entitled. Under the provisions of this Act, the officer is charged with the duty of charging and collecting his fee as before and paying it into the Officers' Salary Fund. Should the commissioners' court find that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from his salary after notice and hearing had thereon as provided by the statute.

Trusting this fully answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   H. T. Bob Donahue
     H. T. Bob Donahue
     Assistant

1945

HTBD:db

Enclosure


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN